

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00009-CV

_____

IN THE INTEREST OF H.M.J., A CHILD

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 86319

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

On February 6, 2018, the trial court presided over a parental-rights termination proceeding in which The Department of Family and Protective Services (the Department) sought to terminate the parental rights of Mother and Father to their child, H.M.J.[1]  Having been found indigent by the trial court, A.S. was represented in the trial court by appointed counsel, Zachary Ressler.  On February 14, 2018, the trial court entered an order terminating the parent-child relationship between H.M.J. and her parents.  Prior to the entry of the order, however, Ressler filed, on February 9, 2014, a notice of appeal on Mother's behalf.  In the trial court's termination order, the court relieved Ressler "of all duties based on a finding of good cause."  Although the trial court appointed counsel to represent Father on appeal, it does not appear that it appointed counsel to represent Mother on appeal.  Further, Ressler has advised this Court that he does not wish to represent Mother on appeal.

Section 107.013(a) of the Texas Family Code mandates the appointment of an attorney ad litem for an indigent parent in a suit filed by a governmental entity seeking termination of the parent-child relationship.  TEX. FAM. CODE ANN. § 107.013(a) (West Supp. 2017).  Further, Section 107.013(e) provides that when a parent is found to be indigent by the trial court in a case brought by a governmental entity for the termination of the parent-child relationship, that parent is presumed to remain indigent in any subsequent appeal.  TEX. FAM. CODE ANN. § 107.013(e) (West Supp. 2017).  Because Mother was determined by the trial court to be indigent, she is

---

[1]We refer to H.M.J.'s mother as "Mother" and to her father as "Father" to protect the identity of the minor child who is the subject of this appeal.  *See* TEX. R. APP. P. 9.8.

2

presumed to remain indigent for purposes of this appeal. Accordingly, Mother is entitled to be represented on appeal by appointed counsel.

Consequently, we abate this appeal to the trial court for the appointment of counsel to represent Mother in this appeal. The appointment shall be made within five days of the date of this order. The order appointing counsel shall be sent to this Court in the form of a supplemental clerk's record within five days of the date of the appointment.

Because this case involves an appeal from the termination of parental rights, this matter should be expedited at all levels.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record mandated by this order. We will establish a new briefing schedule on the return of this Court's jurisdiction over these matters.

IT IS SO ORDERED.

BY THE COURT

Date: March 27, 2018